# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30400
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

ROBERT LEE SNYDER,

> Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CR-41-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Robert Lee Snyder appeals his jury convictions for possession of methamphetamine with intent to distribute, two counts of possession of a firearm by a convicted felon, and possession of an unregistered firearm, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 922(g)(1), and, 26 U.S.C. § 5861(d). He presents four claims.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-30400

Because Snyder did not raise them in district court, review of each of the four issues is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Snyder must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Regarding his competency hearing, Snyder asserts the district court: used the wrong standard to find him competent to stand trial; failed to find the psychologist who testified at the hearing was licensed or certified; and failed to give him an opportunity to testify at the hearing.

The district court used the proper standard to determine whether Snyder was competent to stand trial. The court first correctly stated the standard for competence, as provided in 18 U.S.C. § 4241(a). Although the court also cited the standard in § 4241(d), it applied the proper standard, finding Snyder was able to: understand the nature of the proceedings against him; consult competently with counsel; and, assist in the preparation of his own defense. Snyder has not shown the requisite clear or obvious error. (Assuming such error, he also has not shown, under the affects-substantial-rights prong of plain-error review, that it affected those rights, as he has not shown that, but for the error, the court would have found he was not competent to stand trial. *See Puckett*, 556 U.S. at 135.)

After granting Snyder's motion for a competency hearing, the district court ordered he be transferred to a facility designated by the Bureau of Prisons for a psychiatric or psychological examination by a licensed or certified psychiatrist or psychologist to determine his competence to stand trial. Dr. Johnson, Ph.D., a licensed psychologist, evaluated Snyder, prepared a report,

and testified at the competency hearing.  Dr. Johnson had been licensed to practice since 1992, and Snyder's counsel stipulated Dr. Johnson was qualified based on his education, training, and expertise.  In view of the foregoing, the court committed no clear or obvious error in not making an additional finding at the competency hearing that Dr. Johnson was licensed or certified or in allowing him to testify as an expert and submit his report to the court.  *See Puckett*, 556 U.S. at 135.

The record does not support Snyder's assertion the court failed to give him an opportunity to testify at the competency hearing.  The court understandably instructed Snyder not to speak when he interrupted the cross-examination of Dr. Johnson; but, at the close of that testimony, it gave Snyder the opportunity to call witnesses, present evidence, and testify.  Snyder's counsel then stated he had no witnesses to present.  Therefore, Snyder has not shown the district court committed a clear or obvious error.  *See Puckett*, 556 U.S. at 135.

Regarding his trial, Snyder contends the court erred in admitting testimony by Louisiana State Police Officer Ledet, concerning legal conclusions.  As stated *supra*, review is again only for plain error.

Snyder asserts the court erred in admitting the Officer's testimony that a drug user would typically have a very small quantity of drugs, would use it all on the day of purchase, and, unlike Snyder, would not have hidden the drugs.  Snyder also contends the court erred in admitting the Officer's testimony that Snyder's actions, in leading officers to the location of one firearm, and his statements made after drugs were found in a nonoperational vehicle outside, amounted to confessions.

The court did not commit the requisite clear or obvious error in admitting the Officer's challenged testimony.  *See, e.g., United States v. Gonzalez-*

No. 18-30400

*Rodriguez*, 621 F.3d 354, 363 (5th Cir. 2010); *United States v. Gutierrez-Farias*, 294 F.3d 657, 663 n.5 (5th Cir. 2002).  (In the alternative, Snyder has not shown that any error in admitting the testimony affected his substantial rights, in view of the overwhelming evidence against him.  *See Puckett*, 556 U.S. at 135.)

AFFIRMED.